UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN BAR ASSOCIATION, | Civil Case No. 1:25-cv-01888-AHA |
| *Plaintiff,* | |
| v. | |
| EXECUTIVE OFFICE OF THE PRESIDENT, et al., | |
| *Defendants.* | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that Plaintiff the American Bar Association (ABA) intends to serve a Subpoena Commanding Production of Documents, in the form attached hereto as Exhibit A, and Subpoena to Testify at Deposition, in the form attached hereto as Exhibit B on Boris Epshteyn pursuant to Rule 45 of the Federal Rules of Civil Procedure.

Dated: June 2, 2026

/s/ Steven Seigel
Stephen Shackelford, Jr. (D.C. Bar #NY0443)
Beatrice Franklin (*Admitted pro hac vice*)
Jillian Hewitt (*Admitted pro hac vice*)
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, New York 10001
Tel.: 212-336-8330
sshackelford@susmangodfrey.com
bfranklin@susmangodfrey.com
jhewitt@susmangodfrey.com

Neal Manne (D.C. Bar #357012)
Barry Barnett*
Harry Susman*
Justin A. Nelson (D.C. Bar#490347)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100

1

Houston, TX 77002
Tel.: 713-651-9366
nmanne@susmangodfrey.com
bbarnett@susmangodfrey.com
hsusman@susmangodfrey.com
jnelson@susmangodfrey.com

Davida Brook (D.C. Bar No. CA00117)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel.: 310-789-3100
dbrook@susmangodfrey.com

Jordan Connors*
Steve Seigel (D.C. Bar#D00473)
Katherine Peaslee (Admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, Washington 98101
Tel: 206-516-3880
jconnors@susmangodfrey.com
sseigel@susmangodfrey.com
kpeaslee@susmangodfrey.com

*\*pro hac vice* forthcoming

*Attorneys for Plaintiff American Bar Association*

2

3

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 2, 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via email.

<u>/s/ Steven Seigel.</u>
Steven Seigel

# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| AMERICAN BAR ASSOCIATION | ) |
| *Plaintiff* | ) |
| v. | ) |
| EXECUTIVE OFFICE OF THE PRESIDENT, et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   1:25-cv-01888-AHA

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                        Boris Epshteyn
546 5TH AVE RM 6, New York, NY 10036-5000

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Susman Godfrey LLP<br>One Manhattan West, New York, NY 10001<br>Attn: Jillian Hewitt | Date and Time:<br><br>07/02/2026 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/02/2026

CLERK OF COURT

OR

_____                    /s/ Steven M. Seigel
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiff
_____ , who issues or requests this subpoena, are:

Susman Godfrey LLP, 401 Union Street, Ste. 3000, Seattle, WA 98101, (206) 516-3800, sseigel@susmangodfrey.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:25-cv-01888-AHA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**SCHEDULE A - SUPOENA DUCES TECUM**</u>

Plaintiff American Bar Association ("ABA") issues this subpoena for documents, including each individual Request for Documents (collectively, the "Requests"), subject to the definitions and instructions set forth below.

<u>**DEFINITIONS**</u>

The following definitions apply to each Request and should be considered a part of each Request unless stated otherwise:

1. The term "You," "Your," or "Yours" means Boris Epshteyn and includes any other persons acting or purporting to act on Your behalf, including but not limited to all representatives, servants, agents, employees, third parties, and any entities over which You have any oversight and/or control.

2. The term "Agency Defendants" means all Defendants other than Defendant Executive Office of the President.

3. The term "communication(s)" means any oral, written, or other contact between two or more persons or entities by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including but not limited to letters, memoranda, telegrams, telefaxes, telecopies, e-mails, text messages, fact-to-face meetings, telephone conversations, voicemails, answering machine messages, and telephonic notes.

4. The term "Action" means this Action, *i.e.*, *American. Bar Association v. Executive Office of the President, et al.*, Case No. 1:25-cv-01888 (D.D.C.).

5. The term "Administration" or "Trump Administration" means the Executive Branch of the United States Government during the second presidential term of Donald J. Trump (beginning January 20, 2025), including the Executive Office of the President, the White House, and each Defendant named in the Complaint, together with all federal departments, agencies,

1

offices, commissions, bureaus, and instrumentalities under the direction or control of the President, and any of their respective officers, officials, appointees, employees, advisors, staff, agents, and any other persons acting or purporting to act on behalf of, under the direction of, or in coordination with the foregoing.

6.     The term "Agreement(s)" means any final written and/or oral agreement between the Administration and the Settling Firms in which any firm made an admission, representation, promise, or commitment to avoid or minimize the possibility that either the Administration would issue an executive order against the Settling Firm or that the United States Equal Employment Opportunity Commission ("EEOC") would open an investigation into whether the Settling Firm's employment practices violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. The term "Agreements" encompass oral agreements and all documents or records that memorialize the oral terms of the Agreements and the Administration's understanding of the oral terms of the Agreements.

7.     The term "Complaint" means the Complaint filed on June 16, 2025 in the action captioned *American Bar Association v. Executive Office of the President, et al.*, Case No. 1:25-cv-01888 (D.D.C.) (ECF No. 1), together with any exhibits or attachments thereto, and any amendments or supplements thereto filed in the action.

8.     The term "date" shall mean the exact date, if known, or the closest approximation to the exact date as can be specified, including without limitation, the year, month, week in a month, or part of a month.

9.     The terms "document," "documents," and "records" are synonymous in meaning and equal in scope to the usage of the terms as defined by Federal Rule of Civil Procedure 34, and include all things within the meaning and scope of that term as used in the Commission's Rules of

2

Practice and Procedure, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence, including without limitation the following items, whether printed, recorded, microfilmed, reproduced by any process, written, produced by hand, or recorded in any other way, and whether or not claimed to be privileged, confidential, or personal: letters; correspondence; memoranda; notes; reports; records; agreements; working papers; communications (including intradepartmental and interdepartmental communications); summaries or records of personal conversations; calendars; diaries; forecasts; statistical statements; graphs; laboratory or research reports and notebooks; charts; minutes or records of conferences; expressions or statements of policy; lists of persons attending meetings or conferences; reports or summaries of interviews; reports or summaries of investigations; opinions or reports of consultants; patents and patent application materials; patent appraisals; printed publications; trademark applications; certificates of registration; opinions of counsel; memoranda of agreements; assignments; licenses; reports or summaries of either negotiations within or without the corporation or preparations for such; bulletins; material and manufacturing specifications; material packaging; manufacturing logs; equipment specifications and operating information; product packaging; designs; instructions; advertisements; literature; work assignments; memoranda of conversations; notes; notebooks; data sheets; worksheets; contracts; minute books of account; orders; invoices; statements; bills; checks; vouchers; photographs; drawings; charts; catalogs; brochures; computer files; computer discs; articles; manuals; pamphlets; circulars; press releases; drafts of any documents; books; instruments; accounts; bills of sale; tapes; electronic communications including but not limited to e-mails; telegraphic communications; original or preliminary notes; and all other materials of any tangible medium of expression. Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document."

10.    Except where the context does not permit, the terms "each" and "any" mean any and all.

11.    The terms "identify" or "identification," when used with respect to any natural person, mean that the following information shall be provided: the person's full name; last known home address; last known business address and telephone number; last known e-mail address; last known title or occupation; and last known employer.

12.    The terms "identify" or "identification," when used with respect to any person other than a natural person, mean that the following information shall be provided: the person's name; the place of incorporation or organization; the principal place of business; and the nature of the business conducted by that person.

13.    The terms "identify" or "identification," when used with respect to a document, mean that the Bates number(s) or other litigation document control number(s) for that document shall be provided, or, if no such number exists, other information sufficient to locate that document, including but not limited to the following: the date appearing on such document or, if no date appears on it, the approximate date the document was prepared; the identifying code, file number, title, or label; a general description of the document (e.g., letter, memorandum, drawing); the title or heading; the number of pages included in the document; the name of each person who signed or authorized the document; the name of each addressee; the name of each person having possession, custody, or control of the document; if the document existed at one time but does not presently exist, the reason(s) why it no longer exists and the identity of the last person having custody of it; and, if the document is in a foreign language, whether an English translation (partial or complete) of the document exists.

14. The term "including" means "including without limitation" and "including but not limited to."

15. The term "information" means information in any form, including but not limited to documentary, electronic, graphical, or tabular, and communicated by any means, including but not limited to orally, in writing, or via electronic communication.

16. The term "Law Firm" means and includes each law firm identified by name in the Complaint that was either (i) the subject of an executive action issued by President Donald J. Trump or his Administration ("Targeted Firm"), or (ii) party to a "deal," "settlement," or other agreement with the Administration ("Settling Firm"), including:

    a. "Targeted Firms" means and includes:

        i. Perkins Coie LLP ("Perkins Coie")

        ii. Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss")

        iii. Jenner & Block LLP ("Jenner")

        iv. Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale")

        v. Susman Godfrey LLP ("Susman Godfrey")

        vi. Covington & Burling LLP ("Covington & Burling")

    b. "Settling Firms" means and includes

        i. Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss")

        ii. Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden")

        iii. Willkie Farr & Gallagher LLP ("Wilkie Farr")

        iv. Milbank LLP ("Milbank")

        v. Kirkland & Ellis LLP ("Kirkland & Ellis")

        vi. Allen Overy Shearman Sterling US LLP ("Allen Overy")

vii.   Simpson Thacher & Bartlett LLP ("Simpson Thatcher")

viii.   Latham & Watkins LLP ("Latham")

ix.   Cadwalader, Wickersham & Taft LLP ("Cadwalader")

The term "Law Firm," "Targeted Firm," and "Settling Firm" includes each firm's predecessors, successors, partners, members, associates, employees, and any entities or persons acting on each firm's behalf.

17.    The term "Law Firm Order" means the Executive Orders and any related fact sheets, memoranda, guidance, or directives issued by President Donald J. Trump, as identified in the Complaint:

a.   Executive Order 14230, "Addressing Risks from Perkins Coie LLP," issued March 6, 2025, targeting Perkins Coie LLP (the "Perkins Order");

b.   Executive Order 14327, "Addressing Risks From Paul Weiss," issued March 14, 2025, targeting Paul, Weiss, Rifkind, Wharton & Garrison LLP (the "Paul Weiss Order");

c.   Executive Order 14246, "Addressing Risks From Jenner & Block," issued March 25, 2025, targeting Jenner & Block LLP (the "Jenner Order");

d.   Executive Order 14250, "Addressing Risks From WilmerHale," issued March 27, 2025, targeting Wilmer Cutler Pickering Hale and Dorr LLP (the "WilmerHale Order"); and

e.   Executive Order 14263, "Addressing Risks from Susman Godfrey," issued April 9, 2025, targeting Susman Godfrey LLP (the "Susman Order").

18.    The terms "or," "and," and "and/or" shall be construed conjunctively or disjunctively, whichever maximizes the scope of each request in which they are used.

19.    The term "person(s)" means any natural person, individual, group, or entity. The acts of a person shall include the acts of the person's directors, officers, owners, members, employees, agents, attorneys, and all other representatives acting on the person' s behalf.

20.     The terms "relating to," "related to," "relate to," or "concerning," when referring to any given subject matter, mean without limitation any information, document, or thing that in whole or in part directly or indirectly relates to, concerns, regards, discusses, describes, depicts, demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, bears upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects, alludes to, identifies, states, mentions, refers to, deals with, or is in any way relevant to the particular subject matter identified.

21.     The term "thing(s)" has the broadest meaning allowable under Commission Rule 210.30 and Federal Rule of Civil Procedure 34. This meaning encompasses any tangible object of any kind and nature other than a document, including without limitation prototypes, models, and physical specimens thereof.

22.     The terms "third party" and "third parties" refer to a person or entity other than a Defendant or Plaintiff.

23.     If you find the meaning of any term in these Requests unclear, then you shall construe the term to render responsive any information, document, thing, or communication that might otherwise be rendered non-responsive.

24.     Any word written in the singular shall be construed as plural or vice versa to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

25.     The past tense as used in the below Requests includes the present tense where the meaning is not distorted.

26.     All other words are given their plain and ordinary meaning.

**INSTRUCTIONS**

The following instructions apply to each Request and should be considered a part of each Request unless stated otherwise:

1.    Unless otherwise noted, the relevant Time Period for these Requests is January 20, 2025 to the present.

2.    In producing the documents and things requested, you shall furnish all documents and things known or available to you within your possession, custody, or control, wherever located, regardless of whether such documents or things are possessed directly by you or by any of your agents, officers, employees, attorneys, representatives, or those acting on your behalf.

3.    If the attorney-client privilege, work product immunity, or any other applicable privilege or immunity is asserted in response to any Request, you must expressly state so when responding. Absent agreement between the parties, you must also produce, within ten calendar days of the date on which responses to the Requests are due, a withheld document log that describes the nature of the information not produced or disclosed in a manner that will enable ABA to assess the claim of privilege or immunity. The withheld document log must separately identify each withheld document, communication, or item, and specify the following for each entry:

   a.   The date the information was created or communicated; the author(s) or speaker(s); all recipients; the employer and title of each author, speaker, or recipient, including whether that person is an attorney or patent agent; the general subject matter of the information; and the type of privilege or protection claimed; and

   b.   To the extent the claim of attorney-client privilege or work product immunity is not being asserted as to the entirety of a document, Defendants shall produce in redacted form that portion of the document not covered by such claim of privilege or immunity.

4.    If, after exercising due diligence, you are unable to determine the existence of any documents or things falling within a discovery request requesting identification of documents or things, you shall so state in your written response.

8

5.    All documents produced in response to a discovery request shall be the original or true, complete copies of the original. If an English translation of any document produced exists, the English translation shall be produced.

6.    All documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the categories in the request. Documents should be produced with the label or labels from any file folder, binder, file drawer, file box, notebook, computer disk, or other container in which the document was found.

7.    Documents shall be produced in such fashion as to identify the department, agency, division, branch, or office in whose possession they were located and, where applicable, the person in whose possession they were found (that is, the document custodian) and the address of each document custodian; this includes the physical location of the document and, if applicable, the computer drive to which it was saved. To the extent the document custodian cannot be discerned from the documents produced, you shall provide the identity of the document custodian from whose files the documents came.

8.    "Electronically stored information" or "ESI" must be produced in the following format, barring mutual agreement by the parties:

    a.    Single-page group IV TIFFs in at least 600 dpi for black and white images, or .JPG for images produced in color, with images produced using a unique file name that will be the production number of that page (e.g., ABC000001.TIFF). The production number shall appear on the face of the image;

    b.    Searchable text files at the document level (one text file for each document, rather than one text file for each page of a document) for each document bearing the name of the beginning production number for each document (text of native files to be extracted directly from native files where possible; OCR for paper documents), productions that contain foreign language documents shall be Unicode compliant, document level text files with a .txt extension will be provided where available. The text file name will correspond to the beginning production number of the image or native file. A field will be included in the DAT with the path to the corresponding text file;

c.  Database load files and cross reference files, e.g., Concordance default delimited file (metadata) and an Opticon-delimited file (image reference files), and including the following fields (to the extent the metadata is available): Beg Bates No.; End Bates No.; Bates Range; Bates Parentid; Attach Begin; Attach End; Page Count; From/Author; To/Recipient(s); CC; Bcc; Email Date Sent; Email Time Sent; Email Date Received; Email Time Received; Email Subject; Custodian; File Name; Document Created Date; Document Last Modified Date; Document Last Accessed Date; File Type; Location/Source; Text Link (path to text); Native Link (path to native file);

d.  MS Excel, MS Powerpoint, MS Access, and comparable spreadsheet, presentation, and database files, and audio and video files, shall be produced in native format to the extent they do not include privileged redactions. ABA may make reasonable requests to receive additional documents in their native format. For documents that are produced as native files, include in the set of image (PDF or TIFF) documents a slipsheet where the native file would otherwise have been produced indicating the production number of the native file or other document and the confidentiality designation. In addition, native files shall be produced using a name that bears the production number, for example: ABC000002.xls. Indicate any confidentiality designation in the produced filename where possible; and

9.  For responsive information existing within a database or other compilation of data, include a field mapping explaining the type and format of data that exists in each location within the database.

10.  Documents that exist only in paper or hard-copy format should be scanned and processed according to the instructions above regarding ESI.

11.  You must preserve and produce all documents in your possession, custody, or control that are relevant to the claims or defenses in this Investigation or reasonably calculated to lead to the discovery of admissible evidence. Especially since you are in the best position to know the nature and extent of discoverable documents in your possession, custody, or control, any limits on these Requests should not be used to justify the loss, overwriting, purging, destruction, or non-production of anything discoverable. Before you permit any such loss, overwriting, purging, deletion, or destruction, you should meet and confer with ABA to seek to resolve the issue consistent with applicable law, policies, procedures, and orders.

10

12. In each instance in which a document once existed but now is lost, missing, or has been destroyed or otherwise disposed of, explain the circumstances surrounding the disposition of the document, including, but not limited to:

    a. the identity of the person or entity who last possessed the document;

    b. the date or approximate date of the document's disposition; and

    c. the identity of all persons who have or had knowledge of the document's contents.

13. No discovery request or part thereof shall be construed as a limitation on any other discovery request or part of a request.

14. These Requests are deemed to be continuing in nature and you must supplement or correct your responses to include information thereafter acquired, or if you learn that a response is in some material respect incomplete or incorrect.

15. Please contact Steven Seigel at sseigel@susmangodfrey.com if you have any questions about these Requests.

16. Please certify that Your production is complete and correct in accordance with the specifications of the attached Certification provided at **Exhibit 1**.

11

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1.

All communications on or after January 20, 2025 that You sent to, received from, or participated in with:

    a.  Covington & Burling;
    b.  Jenner & Block;
    c.  Perkins Coie;
    d.  Susman Godfrey;
    e.  Wilmer Hale;
    f.  Paul Weiss;
    g.  Skadden;
    h.  Wilkie Farr;
    i.  Milbank;
    j.  Kirkland & Ellis;
    k.  Allen Overy;
    l.  Simpson Thatcher;
    m.  Latham; and/or
    n.  Cadwalader.

### REQUEST FOR PRODUCTION NO. 2.

All Communications on or after January 20, 2025 relating to any possible issuance of any Executive Order against any law firm, including Communications with the Administration and with President Donald J. Trump.

### REQUEST FOR PRODUCTION NO. 3.

All Communications on or after January 20, 2025 reflecting or relating to any Agreement(s), including any negotiations relating to any Agreements, and any Communications implementation, enforcement, monitoring, or

### REQUEST FOR PRODUCTION NO. 4.

All Communications on or after January 20, 2025 relating to any Law Firm Order.

### REQUEST FOR PRODUCTION NO. 5.

Social media posts, and any direct messages, discussing or relating to any Law Firm Order or Agreement.

12

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN BAR ASSOCIATION, <br><br> *Plaintiff,* <br><br> v. <br><br> EXECUTIVE OFFICE OF THE PRESIDENT, et al., <br><br> *Defendants.* | Civil Case No. 1:25-cv-01888-AHA |

## <u>DECLARATION OF BORIS EPSHTEYN</u>

Pursuant to 28 U.S.C. § 1746, I, Boris Epshteyn, declare as follows:

1.      I am over 18 years of age, of sound mind, and otherwise competent to make this declaration. I make this declaration based on my personal knowledge.

2.      Attached are documents Bates-labeled ("Records"). These Records are exact duplicates of records in my personal possession, custody, or control.

3.      To the extent I have collected records that are in the possession, custody, or control of _____, I am knowledgeable of the records and the custodian of records for _____; I am familiar with the manner in which _____'s records are created and maintained by virtue of my duties and responsibilities; and I have personal knowledge of any of _____'s policies for storing documents.

4.      Any Records kept by _____ were kept in the course of _____'s regularly conducted business activity. It is

1

2

_____'s regular practice to make, keep, and maintain documents like the Records as part of its ordinary business.

5.     The Records were made at or near the time of each act, event, condition, or opinion set forth.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _____ day of _____, 2026, in _____, _____.

_____

2

# EXHIBIT B

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| AMERICAN BAR ASSOCIATION | ) |
| _Plaintiff_ | ) |
| v. | ) |
| EXECUTIVE OFFICE OF THE PRESIDENT, et al. | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No.    1:25-cv-01888-AHA

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Boris Epshteyn
546 5TH AVE RM 6, New York, NY 10036-5000
_(Name of person to whom this subpoena is directed)_

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Susman Godfrey LLP<br>One Manhattan West, New York, NY 10001 | Date and Time:<br>07/12/2026 at 9:00am |
|---|---|

The deposition will be recorded by this method:    Video, audio, and stenographic means.

☐ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/02/2026

| _CLERK OF COURT_ | |
|---|---|
| | OR |
| | /s/ Steven M. Seigel |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_    Plaintiff
, who issues or requests this subpoena, are:

Susman Godfrey LLP, 401 Union Street, Ste. 3000, Seattle, WA 98101, (206) 516-3800, sseigel@susmangodfrey.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:25-cv-01888-AHA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).