**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>     Movants/Defendants,<br><br> v.<br><br>AMERICAN BAR ASSOCIATION<br><br>     Respondent/Plaintiff,<br><br>IN RE THIRD PARTY SUBPOENAS | Civil Action No. 1:26-mc-00333-KPF<br><br><br><br><br><br><u>Underlying Litigation:</u><br><br>*American Bar Association v. Executive Office of the President, et al.*, Civ. A. No. 25-1888 (AHA) (D.D.C.) |

**RESPONDENT/PLAINTIFF AMERICAN BAR ASSOCIATION'S MEMORANDUM OF LAW IN SUPPORT OF CONSENT MOTION TO TRANSFER MOVANTS/DEFENDANTS' MOTION TO QUASH SUBPOENA <u>OR FOR PROTECTIVE ORDER</u>**

## I. <u>INTRODUCTION</u>

With the consent of both non-party Boris Epshteyn ("Epshteyn") and the Movant/Defendants (the "Government"), Respondent/Plaintiff the American Bar Association ("ABA") hereby moves the Court, pursuant to Federal Rule of Civil Procedure 45(f), to transfer Movants/Defendants' Motion to Quash and for a Protective Order to the court which issued the subpoena: the United States District Court for the District of Columbia. In addition to Epshteyn's and the Government's consent, good cause exists for transferring this motion to the issuing court.

## II. <u>BACKGROUND</u>

On June 16, 2025, the ABA sued the Government, alleging they adopted an unlawful, coordinated policy of intimidating law firms and their lawyers for engaging in speech the Government does not like. *See Am. Bar Ass'n v. Exec. Off. of the President, et al.*, No. 25-cv-1888 (AHA) (D.D.C.), ECF No. 1 ("Compl.") ¶¶ 4-22. The ABA alleges that the Government

effectuated a policy of law firm intimidation (the "Policy") designed to coerce lawyers and law firms to abandon clients, causes, and policy positions the President does not like. *Id*. ¶ 4. The ABA alleges the Government effectuated this Policy by issuing and threatening to issue punitive executive orders against law firms ("Law Firm Orders"), which could be avoided through settlements (the "Agreements") requiring each law firm to make changes to their hiring practices, alter pro bono client selection practices, change "diversity, equity, and inclusion" practices, and commit tens or even hundreds of millions of dollars in pro bono resources to causes the Administration favored. *Id*. ¶¶ 4, 8, 88-95, 130, 136, 149, 151.

On March 31, 2026, the issuing court denied the Government's motion to dismiss for lack of subject matter jurisdiction. *Am. Bar Ass'n v. Exec. Off. of the President*, 827 F. Supp. 3d 117, 133 (D.D.C. 2026).

On May 12, 2026, the parties submitted a Joint Discovery and Case Management Report to the issuing court in which the parties jointly proposed a procedure for resolving certain disputes over executive privilege—specifically, the presidential communications privilege. *Am. Bar Ass'n v. Exec. Off. of the President*, No. 25-cv-01888 (AHA), ECF No. 55 at 7. In a June 4, 2026, Scheduling Order, the issuing court adopted procedures pursuant to the parties' requests. *Am. Bar Ass'n v. Exec. Off. of the President*, No. 25-cv-01888 (AHA), ECF No. 57, at 2–3.

Pursuant to those procedures, the parties on June 24, 2026, held a teleconference with the issuing court to notify it of a discovery dispute relating to potential claims by the Government of the presidential communications privilege in response to the ABA's discovery requests. The Court directed the parties to file briefs. The ABA filed its opening brief (a Motion to Compel) on July 7, 2026. *Am. Bar Ass'n v. Exec. Off. of the President*, No. 25-cv-01888 (AHA), ECF No. 61. The Government's response is due July 17, and the ABA's reply due July 22. *Am. Bar Ass'n v. Exec.*

2

*Off. of the President*, No. 25-cv-01888 (AHA), Minute Order, June 25, 2026. The subject of the briefing directly concerns the presidential communications privilege—which overlaps substantially with the issue presented to this Court in the Government's Motion to Quash and for a Protective Order.

In June 2026, Plaintiff's counsel served Epshteyn, a private non-governmental citizen, with a subpoena *duces tecum* and a subpoena *ad testificandum* (the "Subpoenas"), with a compliance location of Plaintiff's counsel's office in New York City. *See* ECF No. 2, Ex. 1 (Subpoenas). The issuing court is the District of Columbia, where the action is pending. *See id.* Although Epshteyn lists an office in New York, the Subpoenas were served on Epshteyn at his residence in D.C. The Subpoena requested, among other things, that Epshteyn produce his communications with law firms that negotiated agreements with the Government to avoid being subject to an executive order, as well as Epshteyn's communications with members of the Government about those negotiations. It also sought his deposition. Despite being served, Mr. Epshteyn has never responded to the Subpoenas, served responses or objections, or filed a Motion to Quash. Because of Mr. Epshteyn's non-response, the ABA anticipates serving a Motion to Compel responses by Mr. Epshteyn. Hewitt Decl. ¶ 2.

On July 2, 2026, the Government opened this action and filed its Motion to Quash and for a Protective Order, asking this Court to quash the subpoenas in part on grounds of the presidential communications privilege.

On July 8, counsel for the ABA requested an extension of time to respond to the Motion to Quash and also asked the Government whether it would consent to transfer the miscellaneous action to the issuing court. *Id*. ¶ 3.

On July 10, the Government indicated it would not oppose a transfer but indicated that the person subject to the subpoenas—Mr. Epshteyn—would need to consent. *Id*.

On July 13, counsel for the ABA asked the Government if it had contact information for Mr. Epshteyn. *Id*. ¶ 4.

On July 15, the Government responded and stated, "We are authorized to represent that Mr. Epshteyn consents to the transfer to DDC." *Id*.

The ABA subsequently brought this motion to transfer.

## III.   LEGAL STANDARD

Rule 45 provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Thus, when the nonparty subject to the subpoena consents, the Court has discretion to transfer a motion under Rule 45 relating to the subpoena to the court presiding over the underlying litigation. *See, e.g.*, *SBA Commc'ns Corp. v. Fractus, S.A.*, No. 19-mc-130 (ER), 2019 WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019) (transferring motion where subpoena recipient consented to transfer); *F.D.I.C. v. Axis Reinsurance Co.*, No. 13-mc-380, 2014 WL 260586, at *2–3 (S.D.N.Y. Jan. 23, 2014) (same).

## IV.   ARGUMENT

The Court should transfer the Motion to Quash to the issuing court. Epshteyn consents to transfer. *See* Hewitt Decl. ¶ 4. As a result, the Court has discretion to transfer the Motion to Compel to the court overseeing the underlying litigation. *See* Fed. R. Civ. P. 45(f); *Fractus*, 2019 WL 4879333 at *2; *Axis Reinsurance*, 2014 WL 260586 at *2–3.

Judicial-efficiency principles strongly weigh in favor of transferring the action to the

District of Columbia. The issuing court has presided over the underlying litigation for over a year. It has devised specific procedures to respond to and address actual or potential claims of executive privilege. And it will soon be resolving the ABA's Motion to Compel relating to highly similar potential claims of executive privilege relating to the ABA's discovery sought in the underlying litigation.

The principles of "justice and judicial economy weigh in favor of allowing" the issuing court "to decide the motion [under Rule 45] that raises issues . . . with which that District Court is already familiar." *Iwanski v. Milliman, Inc.*, No. 20 Misc. 224 (GBD) (SLC), 2020 WL 5665696, at \*1 (S.D.N.Y. Aug. 13, 2020) (quotation marks omitted). And the principles of "judicial efficiency and comity" also strongly weigh in favor of transferring a motion to quash to allow the issuing court to reinforce the "parameters of permitted discovery" it will decide in the underlying litigation, for example as related to parallel (potential) claims of privilege in response to the ABA's discovery requests. *See Axis Reinsurance*, 2014 WL 260586, at \*2.

## V.    **CONCLUSION**

For the foregoing reasons, the ABA respectfully requests that the Court transfer the Government's Motion to Quash and for a Protective Order and all other briefing and motions relating to the Subpoenas to Mr. Epshteyn to the United States District Court for the District of Columbia, and adjourn the current deadlines issued by this Court with respect to the Motion to Quash.

Dated: July 17, 2026

*/s/Jillian Hewitt*
Jillian Hewitt (#EB6850)
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, New York 10001
Tel.: 212-336-8330

5

jhewitt@susmangodfrey.com

*Attorney for Plaintiff American Bar Association*

6

## CERTIFICATE OF COMPLIANCE

I, Jillian Hewitt, counsel for the American Bar Association, certify pursuant to Local Rule 7.1(c), that the foregoing Motion complies with the word-count limitations because it contains 1,504 words.

*/s/Jillian Hewitt*
Jillian Hewitt

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court for the United States District Court for the Southern District of New York by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Date: July 17, 2026

/s/Jillian Hewitt
Jillian Hewitt